HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL P. SPEICHER, and BILLIE SPEICHER,<br><br>Plaintiffs,<br><br>v.<br><br>UNION PACIFIC RAILROAD; TACOMA MOVING & STORAGE CO., d/b/a TACOMA MOTORFREIGHT SERVICE/TMS/TMS MOTORFREIGHT SERVICE; THE CITY OF TACOMA; GRENLEY STEWART RESOURCES; and ROBERT W. GRENLEY,<br><br>Defendants. | Case No. C07-05524 RBL<br><br>ORDER ON CITY OF TACOMA'S MOTION FOR RELIEF FROM SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 37(C), OR AN ENLARGEMENT OF TIME IN WHICH TO SERVE EXPERT'S REBUTTAL REPORT |

THIS MATTER comes before the Court on Defendant City of Tacoma's Motion for Relief from Sanctions under Federal Rule of Civil Procedure 37(c), or an Enlargement of Time in which to Serve Expert's Rebuttal Report [Dkt. #83], and Defendant Tacoma Motorfreight Service's Cross-Motion to Exclude Rebuttal Report of City of Tacoma Expert Witness Marc Firestone, Ph.D. [Dkt. #84]. The Court has reviewed the materials submitted in support of, and in opposition to, the motions. For the following reasons, Defendant City of Tacoma's motion [Dkt. #83] is GRANTED IN PART and Defendant Tacoma Motorfreight Service's motion [Dkt. #84] is DENIED.

**FACTUAL BACKGROUND**

The Court established October 8, 2008 as the deadline for primary expert reports in accordance

with Fed. R. Civ. P. (26)(a)(2). *See* Docket No. 16. On or before that date, Defendant Tacoma Moving and Storage Company, d/b/a Tacoma Motorfreight Service / TMS / TMS Motorfreight Service (TMS), disclosed the written report of John Hunter and disclosed Hunter as a primary expert witness. Also on or before that date, Defendant City of Tacoma (City) disclosed its expert witnesses and submitted a report prepared by Marc Firestone, Ph.D. On November 7, the final day to disclose rebuttal witnesses and rebuttal reports under Fed. R. Civ. P. 26(a)(2), the City disclosed Dr. Firestone as a rebuttal witness. The City did not, however, submit a written rebuttal report by Dr. Firestone. Dr. Firestone's deposition was taken on November 25. At that time, the City learned that Dr. Firestone had never received Hunter's report. The City subsequently sent him a copy. On December 18, Dr. Firestone wrote a letter rebutting Hunter's contentions. On December 22, the letter was faxed to all counsel. Trial is scheduled for March 25, 2009.

## ANALYSIS

Fed. R. Civ. P. 37(c) disallows the use of information or witnesses not disclosed in accordance with Fed. R. Civ. P. 26(a). Fed. R. Civ. P. 37(c) also, however, provides that information or witnesses not properly disclosed may be allowed if the failure to disclose was "substantially justified" or "harmless." The rule further provides that in lieu of exclusion, the Court may "order payment of reasonable expenses," "inform the jury of the party's failure," or "impose other appropriate sanctions." *Id*.

The City clearly failed to conform to the requirements of Fed. R. Civ. P. 26(a). The City has, however, provided evidence that the failure to disclose was harmless. The disclosure was made on December 22, 18 days in advance of the discovery cut-off date and 94 days prior to trial. TMS claims it relied on the fact that the City disclosed no witnesses or reports critical of Hunter. TMS further contends that it would be unjust to require it to spend time and resources conducting another deposition, when it should be preparing for trial. Although the Court believes the burden on TMS is a mere inconvenience, rather than true harm, it is unnecessary to resolve the issue. The Court deems that the City's offer to pay the additional cost of returning Dr. Firestone to Seattle for an additional deposition is appropriate relief.

The City alternatively asks the Court to permit the rebuttal report and rebuttal testimony under Fed. R. Civ. P. 60, which allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect." In the Court's view, the

issue is properly decided under Fed. R. Civ. P. 37(c).

## **CONCLUSION**

For the foregoing reasons, the Court ALLOWS the rebuttal report and rebuttal testimony of Dr. Firestone. The Court further ORDERS that the City pay the additional cost of returning Dr. Firestone to Seattle for another deposition. TMS's Cross-Motion to Exclude is DENIED.

Dated this 20th day of January, 2009.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE