HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL P. SPEICHER, and BILLIE SPEICHER,<br><br>Plaintiffs,<br><br>v.<br><br>UNION PACIFIC RAILROAD; TACOMA MOVING & STORAGE CO., d/b/a TACOMA MOTORFREIGHT SERVICE/TMS/TMS MOTORFREIGHT SERVICE; THE CITY OF TACOMA; GRENLEY STEWART RESOURCES; and ROBERT W. GRENLEY,<br><br>Defendants. | Case No. C07-05524 RBL<br><br>ORDER DENYING DEFENDANT UNION PACIFIC RAILROAD COMPANY'S MOTION TO EXCLUDE RICHARD BEALL |

THIS MATTER comes before the Court on Defendant Union Pacific Railroad Company's Motion to Exclude Richard Beall [Dkt. # 90]. The Court has reviewed the materials submitted in support of, and in opposition to, the motion. For the following reasons, Defendant Union Pacific's motion is DENIED.

## **BACKGROUND**

Plaintiff Daniel Speicher was employed by Defendant Union Pacific in July 2007. On July 11, he was severely injured when the train he was operating hit a truck stopped in the railroad track. Daniel Speicher and his wife, Billie Speicher, subsequently filed suit against Union Pacific.

Plaintiffs disclosed Richard Beall as a rebuttal trial expert in November 2008 and on November 4, Mr. Beall prepared a report containing various opinions about the case subject matter. Mr. Beall is a

ORDER
Page - 1

railroad engineer employed by Veloia Transportation Services, a subcontractor for the South Florida Rail Transit Authority. He runs a train jointly on behalf of CSX, a national rail line. Mr. Beall has been in the forensic railroad business for over 20 years, authored publications on railroad operation issues, given presentations about railroad operations and accident investigations, and been qualified as a railroad operations expert in 15 states. Mr. Beall's expertise is with traditional locomotives operated from the cab. He has some contact with remote controlled locomotive (RCL) operations issues because the train he operates is on a line that uses RCL operations and RCL technology is a talking point that comes up in meetings and conversations with other engineers.

According to Plaintiffs, Mr. Beall will testify about RCL technology only to the extent that he is qualified to do so. For instance, he will testify that it is just as easy to hit the wrong button on an RCL transmitter as it is to hit the wrong button on a television remote. He will also discuss the general advantages of a traditional in cab setup over an RCL setup. Additionally, Mr. Beall will offer opinions on issues that have nothing to do with RCL operations such as communication issues between Daniel Speicher and his supervisor, Daniel Speicher's position on the train, Daniel Speicher's training, and the interpretation of train lingo.

Union Pacific claims, in sum, that RCL operations are a specific railroad issue, Mr. Beall is not qualified as an RCL expert, does not use data, publications or experience to back his assertions, and is therefore unqualified to offer testimony.

## **ANALYSIS**

The evidentiary provision at issue is Federal Rule of Evidence 702, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The ultimate inquiry is whether the expert testimony will assist the trier of fact to understand the evidence or to determine a fact in issue. An expert may not offer his or her own legal conclusion. *McHugh v. United Serv. Auto. Assn.*, 164 F.3d 451, 454 (9th Cir. 1999). Union Pacific argues that Mr. Beall's proffered testimony consists of legal conclusions that substitute his judgment for that of the jury.

Beyond that issue, Union Pacific relies chiefly on the reliability standard the Supreme Court set out in *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Under *Daubert*, the Court should look to four factors when examining proffered expert testimony: (1) whether the theory or technique "can be (and has been) tested;" (2) "whether the theory or technique has been subjected to peer review and publication;" (3) "the known or potential rate of error . . . and the existence and maintenance of standards controlling the technique's operation;" and (4) "general acceptance" in a "relevant scientific community." *Id*. at 593-94. Union Pacific neatly and succinctly examines these requirements and determines that Mr. Beall's testimony should be excluded.

Union Pacific's argument, however, is fatally flawed in two ways. First, Union Pacific muddles *legal conclusions/ultimate issues of law* with *ultimate issues to be decided by the trier of fact* as if they were one and the same. In fact, they are not the same. Union Pacific cites *McHugh* as support to exclude Mr. Beall's testimony on the basis that he offers opinions on legal conclusions, such as his assertions of fault and causation. That case held expert testimony could not be used to interpret insurance policies as written or give legal conclusions about what was covered under insurance policies. *McHugh*, 164 F.3d at 454. Testimony on ultimate issues of law, like the interpretation of insurance policies in *McHugh*, is different than testimony on ultimate issues to be determined by the trier of fact, which is expressly allowed under Federal Rule of Evidence 704. In *Davis v. Mason County*, the Ninth Circuit held that testimony was permissible on whether a sheriff's failure to train his deputies was reckless and whether there was a causal link between that reckless conduct and the plaintiff's injuries. *Davis v. Mason County*, 927 F.2d 1473, 1484-85 (9th Cir. 1991). Mr. Beall is using his expertise in a similar, permissible way. Union Pacific contends that Mr. Beall must nevertheless be reaching legal conclusions because he "relies upon the same information that would be available to the jury . . . and does not add any skill, experience, training or education that goes to the determination of negligence." [Dkt. #90] (Union Pacific's Motion to Exclude, p. 8). It is impossible for the Court to agree. Mr. Beall has extensive experience in railroad operations, both in practice and as an expert witness, and he is clearly knowledgeable about railroad practices that would be unknown to a jury.

Second, Union Pacific largely ignores subsequent authority that makes it crystal clear *Daubert* is

not mandatory, and is not necessarily applicable to all situations. *Daubert* dealt with scientific knowledge and may not be compatible where "the relevant reliability concerns may focus upon personal knowledge or experience." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150. The "list of factors [in *Daubert*] was meant to be helpful, not definitive," and their purpose is to ensure the "reliability and relevancy of expert testimony by making sure "that an expert . . . employ in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id*. at 151-52. The Court is given as much discretion in *how* it determines if testimony is reliable as it is given in determining *whether* testimony is reliable. *Id*. at 152. In sum, the Court should use the *Daubert* factors when it makes sense to do so. When it does not make sense, the Court may use any adequate alternative test to determine reliability.

In this case, the *Daubert* factors are not reasonable measures of Mr. Beall's competence to offer expert testimony. General views about railroad operations and safety cannot be tested, are not appropriate subjects of peer review, and do not have a known potential rate of error. Further, no relevant scientific community exists to accept the views. It is easy to see how Union Pacific reached its conclusion that the *Daubert* factors are not satisfied; they are wholly incompatible with the type of testimony proffered by Mr. Beall. Due to the generic nature of Mr. Beall's testimony, an intense, methodical investigation of its merits is unnecessary. The Court is satisfied merely to evaluate whether Mr. Beall's testimony is properly grounded in relevant experience and knowledge.

Mr. Beall has been in the forensic railroad business for over twenty years, testified in fifteen states, authored several publications on railroad operations issues, and given presentations on railroad operations and accident investigations. Further, he currently works as a railroad engineer. In addition to his extensive experience with railroad operations generally, Mr. Beall is at least conversational in the various issues and procedures of RCL operations. His experience is sufficient for the type of testimony proffered. From reading Mr. Beall's testimony, it is clear that his opinions derive from his experience and not mere layperson conjecture.

Union Pacific maintains that RCL operations are an extremely specific railroad issue and that the *entire* subject matter of this case revolves around RCL operations. Under that view, Mr. Beall is not qualified to offer testimony. No one has suggested, however, that Mr. Beall will be offering testimony on

the intimate details of RCL operations. His testimony focuses on general railroad operations and protocol. To the extent his report discusses RCL technology, it is to compare it to traditional in cab locomotives. The Court recognizes that Mr. Beall's qualifications for this case are not perfect, but is also unpersuaded that the differences between RCL operations and traditional locomotives are so stark as to render his testimony useless to the trier of fact. Any deficiencies in his specific RCL experience do not rise to a level that warrants exclusion. The Court is a gatekeeper, not a brick wall, and not a replacement for the adversarial system. If Union Pacific disagrees with the application of Mr. Beall's experience with traditional locomotives to this case, it can make that clear at trial with cross-examination and its own witnesses.

## **CONCLUSION**

For the foregoing reasons, Union Pacific's Motion to Exclude [Dkt. #90] is DENIED.

Dated this 2nd day of February, 2009.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 5