HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL P. SPEICHER, and BILLIE SPEICHER,<br><br>Plaintiffs,<br><br>v.<br><br>UNION PACIFIC RAILROAD; TACOMA MOVING & STORAGE CO. d/b/a TACOMA MOTORFREIGHT SERVICE/ TMS/ TMS MOTORFREIGHT SERVICE; and THE CITY OF TACOMA,<br><br>Defendants. | Case No. C07-5524 RBL<br><br>ORDER DENYING DEFENDANT UNION PACIFIC'S MOTION TO EXCLUDE JOHN BERG'S OPINIONS REGARDING ECONOMIC LOSS |

THIS MATTER comes before the Court on Defendant Union Pacific's Motion to Exclude John Berg's Opinions Regarding Economic Loss [Dkt. #97]. The Court has reviewed the materials submitted in support of, and in opposition to, the motion. Oral argument is not necessary for the Court to resolve the issues presented. For the following reasons, Union Pacific's motion is DENIED.

## **BACKGROUND**

Plaintiff Daniel Speicher was employed by Defendant Union Pacific in July 2007. On July 11, he was severely injured when the train he was working on hit a truck stopped in the railroad track. Daniel

Speicher and his wife, Billie Speicher, subsequently filed suit against Union Pacific under the Federal Employees Liability Act (FELA). Plaintiffs simultaneously filed suit against Tacoma Motorfreight Services, Co. for negligence and subsequently amended the original complaint to add the City of Tacoma as a defendant in the negligence claim.

Plaintiffs timely identified John Berg, a vocational rehabilitation counselor, as an expert witness. In addition to offering opinions on Mr. Speicher's prospects for future employment, Mr. Berg's testimony will calculate Mr. Speicher's claimed losses. *See* [Dkt. #108] (Declaration of Thomas C. Evans, Exhibit 3, Berg Report). Union Pacific brought the motion before the Court on two basic premises. First, Mr. Berg is not qualified to offer opinions on economic loss by knowledge, skill, experience, training, or education. Second, Mr. Berg has failed to use mandatory measures and methods used to calculate economic damages in FELA cases. Specifically, it is uncontested that he did not reduce amounts to present values, reduce for future taxes, or reduce for business expenses that will not be incurred as a result of his injuries. Further, he did not use railroad life expectancy tables in his calculations.

Plaintiffs have responded with evidence that Mr. Berg is qualified and has trained himself to calculate economic factors relating to FELA cases. For instance, he attended a presentation on calculating damages in FELA cases. [Dkt. #107] (Declaration of Thomas C. Evans, Exhibit 2, Berg Deposition, pp. 22-23). He is also a member of the American Rehabilitation Economics Association, a group directly related to qualifying experts and keeping experts current for purposes of economic issues associated with rehabilitation. [Dkt. #98] (Declaration of Tim D. Wackerbarth, Exhibit B, Berg Curriculum Vitae, p. 2). Further, Mr. Berg took a continuing education course called "An Economist's Perspective Regarding Use of Vocational Experts and Resources." *Id*. at 3. Mr. Berg has additional experience as an expert witness, including at least some "maritime FELA" cases.[1] *See* [Dkt. #107] (Declaration of Thomas C. Evans,

---

[1] Union Pacific notes that "maritime FELA" is a misnomer. Those cases are actually brought under the Jones Act, a statute for injuries to seamen that adopts the FELA causation standard but has a different standard for calculating economic loss.

Exhibit 1, Berg Curriculum Vitae, pp. 8-12); [Dkt. #106] (Plaintiffs' Opposition to Motion to Exclude, p. 6). Plaintiffs also assert that Union Pacific's reliance on mandatory measures and methods for economic damages in FELA cases is misplaced. Plaintiffs acknowledge that Mr. Berg did not include reductions for taxes, present value, or business expenses that will no longer be incurred. They further acknowledge that Mr. Berg did not use railroad life expectancy tables. But they argue that each of these omissions was based on a well-reasoned purpose, not incompetence. They contend not only that Mr. Berg's method is permissible, but that whether it is permissible is an issue to be determined at trial. Plaintiffs' argument is coupled with the fact that this is not solely a FELA case. *See* [Dkt. #1] (Complaint, p. 4).

## **ANALYSIS**

### A.  **The Court's Gatekeeping Duties**

The Court's gatekeeping role is defined by Federal Rule of Evidence 702 and *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The Court must first determine whether proffered testimony is based on "scientific, technical, or other specialized knowledge"; whether the opinion will "assist the trier of fact"; and whether the expert witness has appropriate qualifications, such as "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Additionally, the Court must conduct a reliability test to determine "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Id*. *Daubert* provides an additional list of factors the Court should examine to fulfill its gatekeeping duties. That case directs the Court to consider (1) whether the theory or technique "can be (and has been) tested"; (2) "whether the theory or technique has been subjected to peer review and publication"; (3) "the known or potential rate of error . . . and the existence and maintenance of standards controlling the technique's operation"; and (4) "general acceptance" in a "relevant scientific community." *Daubert*, 509 U.S. at 593-94. That list of factors was "meant to be

helpful, not definitive," and the Court may use any adequate alternative test to determine reliability. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 151 (1999).

Mr. Berg's proffered testimony on economic loss easily meets the standards of Federal Rule of Evidence 702. Simply by virtue of its mathematical nature, it is based on "technical, or other specialized knowledge." It would also help the trier of fact assemble the relevant evidence on economic loss in a coherent manner. Finally, the qualifications identified by Plaintiffs establish that Mr. Berg's calculations are based on knowledge, experience, training, and education. Union Pacific repeatedly states that Mr. Berg does not have a degree in economics, but at no time mentions why he would need such qualifications or cites authority indicating that he must have such qualifications. The calculations at issue are sufficiently complicated as to warrant expert testimony for the benefit of the trier of fact, but not nearly so complex as to require a doctorate in economics. Indeed, aside from the term *economic loss*, it is difficult to see what relation these calculations have to a formal education in economics.

The Court is likewise satisfied that reliability requirements for Mr. Berg's testimony are met. Plaintiffs have sufficiently explained the reliable method and reasoning underlying Mr. Berg's opinions on economic loss. Particularly, Mr. Berg purposely elected not to reduce for taxes, not to reduce to net present value, not to reduce for business expenses that will not be incurred, and not to use the railroad life expectancy tables. Each of these decisions was made with sound judgment and at least some legal justification, not incompetence and ignorance. Further, Union Pacific makes no allegations that Mr. Berg's actual calculations were performed erroneously. Rather, its argument focuses on Mr. Berg's inadequate qualifications, which as discussed above is unfounded, and Mr. Berg's failure to adhere to standards for calculating economic loss in FELA cases, which as discussed below is immaterial.

**B.     Proper Measure of Economic Loss for FELA Cases**

It is said the devil is in the details. Perhaps that is why Union Pacific decided not to include any

when it asserted the proper measure of damages for FELA cases. In the portions of its motion to exclude and reply that dealt with this issue, Union Pacific made concrete assertions under the auspices of authority that is inconclusive at best. It failed to provide a single pincite, quotation, or case explanation. For example, the motion to exclude matter-of-factly asserts that "[w]hen presenting evidence of economic loss in FELA cases, *net* wage loss, as opposed to *gross* wage loss, is the proper measure of damages." [Dkt. #97] (Motion to Exclude, p. 6) (emphasis in original). The motion provides two cases for support. *Id.* at 6-7. The first, *Jones Laughlin Steel Corp., v. Pfeifer*, 462 U.S. 523 (1983), is a case brought under the Longshoremen's and Harbor Workers' Compensation Act. The Court could not find a single reference to FELA in that case. Perhaps there is some unknown, intimate connection between the two statutes, but Union Pacific provided no pincite for direction and no additional explanation of why that case is important here. The second case, *Norfolk & Western Railway Co. v. Liepelt*, 444 U.S. 490 (1980), holds that because income tax is a relevant factor in determining monetary loss, it is error for a trial court to exclude evidence that describes estimated after-tax earnings. *Id*. at 493-44. That case does *not* hold the inverse, that witnesses who do not take taxes into account must be excluded as suggested by Union Pacific. Perhaps there is a logical hop to that conclusion, but Union Pacific has not even attempted to make the connection. This example is just one of several similar problems in Union Pacific's motion. It is not the Court's responsibility to fill in the substantial holes of Union Pacific's legal argument.

Regardless, Union Pacific's failure to articulate a clearly supported argument is ultimately immaterial. Even if Union Pacific was entirely accurate in its discussion of economic loss calculations in FELA cases, and Mr. Berg was required to (and failed to) abide by the standard at this stage of litigation, his testimony would still be allowed. There are three defendants in this case. Only one, Union Pacific, is a FELA-covered entity. The Court will not exclude a witness where his testimony is *potentially* incompatible with one claim and it is not even argued that the testimony is incompatible with the remaining

claims.[2] This is an issue to be sorted out at trial, not on a motion to exclude.

**CONCLUSION**

For the foregoing reasons, Defendant Union Pacific's Motion to Exclude John Berg's Opinions Regarding Economic Loss [Dkt. #97] is DENIED.

Dated this 5th day of February, 2009.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

---

[2] Union Pacific claims the purpose of addressing FELA standards for economic loss is to indicate that Mr. Berg is not qualified to offer *any* opinion on economic loss. But if Mr. Berg does not, as a matter of law, have to follow the standards laid out by Union Pacific, then failure to follow those standards says nothing about his underlying qualifications.